IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBUR PITTMAN,

    Petitioner,               No. CIV S-09-2313 GGH P

    vs.

M. MARTEL, Warden,

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        By Order, filed on September 2, 2009, petitioner's incoherent filing was summarily dismissed and petitioner was given thirty days leave to amend. Thereafter, in an untimely filing, on November 2, 2009, petitioner purports to have filed an amended petition pursuant to 28 U.S.C. § 2254, consisting of no less than 220 garbled pages. This court has not ruled on petitioner's defective request to proceed in forma pauperis and will not do so now.

        Once again petitioner states ""not a conviction[] matter" and repeats "not a sentenced [sic] matter." Petition, pp. 1, 11. On one page, in seemingly random fashion, petitioner references "medical reports or injurys [sic] or unusual occurrances [sic] at California Rehabilitation Center." Petition, p. 7. On other pages, he repeatedly lists "PC 3410"[1] and "PC

---

[1] Cal. Penal Code § 3410 defines the term "community," as "an environment away from the prison setting which is in an urban or suburban area." It is completely unclear why this section is referenced.

1

1368"[2] and states in a seeming non sequitur "proble[m] with judges." Petition, pp. 9-10. Although petitioner primarily uses a form for a habeas petition, he tacks on a page wherein he seeks money damages for "CCRA discriminated staff discriminated conducted under lif[] or of Mr. Wilbur [] Pitman Body been threaten[e] [] by Departments of Correction." Petition, p. 7. To his petition, petitioner also attaches a multitude of disorganized and apparently unrelated exhibits, including a series of 602 inmate appeals.

Petitioner has been previously informed that:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Petitioner is presently incarcerated at California Rehabilitation Center in Riverside County, serving a sentence for a conviction rendered by the San Diego County Superior Court. As petitioner has been previously informed, the general rule with regard to habeas applications is that both the United States District Court in the district where petitioner was convicted and the District Court where petitioner is incarcerated have jurisdiction over the claims. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). In this case, petitioner is incarcerated within the Central District of California, and his conviction occurred in the Southern District of California, while this inapposite filing was made in the Eastern District of California. Although it remains wholly unclear what he is challenging and petitioner maintains he is not challenging his conviction, petitioner cannot proceed in this court at this point.

\\\\\

---

[2] Cal. Penal Code § 1368 addresses the procedure for when there is doubt raised as to a defendant's sanity.

1  Petitioner was granted leave to amend either to file a habeas petition under 28
2 U.S.C. § 2254, or a civil rights action under 42 U.S.C. § 1983, as it was unclear how he sought to
3 proceed. In addition, as was noted in the prior order, it is not at all clear that petitioner has elected
4 to proceed in the appropriate district. In his amended filing, petitioner has submitted both an
5 incoherent and untimely filing, as well as failed to file a completed request to proceed in forma
6 pauperis. This petition should be dismissed with prejudice. <u>See</u> Rule 4 of the Rules Governing
7 Section 2254 Cases (stating, inter alia, "[i]f it plainly appears from the petition ... that the
8 petitioner is not entitled to relief in the district court, the judge must dismiss the petition....").

9  Accordingly, IT IS HEREBY RECOMMENDED that the amended petition be
10 dismissed with prejudice and this case be closed. The Clerk of Court is directed to assign a
11 district judge to this case.

12  These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
14 one days after being served with these findings and recommendations, petitioner may file written
15 objections with the court. Such a document should be captioned "Objections to Magistrate
16 Judge's Findings and Recommendations." Petitioner is advised that failure to file objections
17 within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>
18 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19 DATED: February 10, 2010                    /s/ Gregory G. Hollows

20                                            GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE
21
   GGH:009
22 pitt2313.fr

23

24

25

26

3